IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CLEVELAND KILGORE, #09441-007                                                              PETITIONER

VERSUS                                                         CIVIL ACTION NO.  5:13-cv-12-DCB-MTP

M. MARTIN, Warden Federal Correctional Complex-Yazoo                          RESPONDENT

MEMORANDUM OPINION

This matter is before the Court *sua sponte* for consideration of dismissal.  Petitioner Cleveland Kilgore, an inmate at the Federal Correctional Complex/Yazoo Medium, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on January 22, 2013.  As directed by this Court's order [2] entered on January 25, 2013, the Petitioner filed a response [3] on February 1, 2013.   After reviewing the petition [1], response [3], and applicable law, the Court has come to the following conclusions.

I.  Background

In his response [3], the Petitioner complains that he is being held in violation of a self-executing treaty of the United States.  Specifically, Petitioner states in his response [3] that he is being detained in violated of "18 U.S.C. §112(a)(b)(1)(2)(3)(c) and 18 U.S.C. § 1201(a)(1)(2) and (4)."  The Petitioner has filed the instant habeas pursuant to 28 U.S.C. § 2241 requesting that he be released immediately.  Resp. [3] at 8.

II.  Analysis

The Petitioner has filed the instant civil action as a request for habeas relief pursuant to 28 U.S.C. § 2241.  A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  This Court finds that it has jurisdiction to consider the claims of the instant habeas petition because the Petitioner is housed in a facility

over which this Court exercises jurisdiction.  *See Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *see also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (holding that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian") (emphasis added).

Before the Court can consider the Petitioner's claims, he must first exhaust the administrative remedies available through the Bureau of Prisons (BOP).  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Mayberry v. Pettiford*, 74 F. App'x 299 (5th Cir. 2003) (stating that there is a judicially-created exhaustion requirement to § 2241 petitions); *see also Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir.1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels.  Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted).  Exhaustion of administrative remedies is required because "judicial review may be facilitated by the agency's development of a factual record, . . . judicial time may be conserved if the agency grants the relief sought, and . . . administrative autonomy requires that any agency be given an opportunity to correct its own errors."  *Lee v. Keffer*, No. 07-1873, 2007 WL 4680127, at *4 (W.D. La. Dec. 28, 2007)(citing *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3rd. Cir. 1981)).  Clearly, under the circumstances of the instant petition, in the event the BOP has miscalculated Petitioner's release date, the BOP has the authority to correct that error and should be permitted to do so.  *See Smith v. Thompson*, 937 F.2d, 217, 219 (5th Cir. 1991)(deciding that an agency should be give the opportunity to correct its own error before aggrieved party seeks judicial intervention).

The Petitioner admits on page 2 of his response [3] that he did not submit a request for administrative remedies.  The Petitioner's states that he did not file a request for administrative remedies because it is "not applicable."  This Court is not persuaded by Petitioner's response and

does not find that Petitioner should be excused from the exhaustion requirement.  The Petitioner has not presented "extraordinary circumstances" demonstrating the inappropriateness or futility of exhausting administrative remedies.  *See Fuller*, 11 F.3d at 62.  Moreover, even if the "Petitioner believes his administrative review will be denied does not make this remedy futile." *See Purviance v. Maye*, No. 1:10-cv-255, 2010 WL 3516193, at * 3 (W.D. Tex. Sept. 3, 2010) (quoting *Herman v. Wendt*, No. 3:03-cv-1204, 2004 WL 68018, at * 2 (N.D. Tex. Jan. 13, 2004)(citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion.")).  *See also Broderick v. Chapman*, 364 F.App'x 111, 112 (5th Cir. Feb. 5, 2010).

## III.  Conclusion

Based on the Petitioner's filings, the Court finds that he fails to meet the exhaustion requirement of the available administrative remedy program of the BOP and he also fails to establish that there exist extraordinary circumstances excusing such exhaustion requirements.  Therefore, because the Petitioner has failed to utilize the administrative remedy process available to him, this action will be dismissed without prejudice for the Petitioner's failure to exhaust his administrative remedies within the BOP as set forth in 28 C.F.R. § 542.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the  12th   day of February, 2013.


        s/David Bramlette                                   
       UNITED STATES DISTRICT JUDGE